```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS

RUDY S. ANDERSON, JR.,

                        Plaintiff,
                                          CIVIL ACTION
            vs.                           No. 05-3456-SAC

LOUIS E. BRUCE, et al.,

                        Defendants.
```

ORDER

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983, and seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Plaintiff seeks unspecified relief on allegations centering on the procedure used by the Kansas Department of Corrections (KDOC) to place an offender in an adult rather than juvenile facility. Plaintiff cites the 1999 death of one of his co-defendants in prison as support for plaintiff's present claim that KDOC's placement procedure violates the eighth amendment prohibition against cruel and unusual punishment, denies prisoners the constitutional guarantees of due process and equal protection, and constitutes an ex post facto violation of Kansas statutes.

Plaintiff's motion for leave to file a supplemental complaint to add new claims and defendants (Doc. 6) is granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff may amend his complaint "once as a matter of course" prior to defendants filing their response to the complaint. The court liberally construes the pro se amended complaint as incorporating the claims asserted in the original complaint.

Because plaintiff is a prisoner, the court is required to screen his amended complaint and to dismiss the amended complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). *See* 28 U.S.C. 1915(e)(2)(B)(ii)-(iii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines ...the action...fails to state a claim on which relief may be granted, or...seeks monetary relief against a defendant who is immune from such relief.").

*Original Complaint*

In his original complaint, plaintiff alleges his placement in an adult correctional facility violated his rights under Kansas law, and that the Kansas statutes responsible for his placement in an adult facility violated the Ex Post Facto Clause. He cites the criminal cases, sentencing, and prison confinement of his two co-

defendants (Loranzy Bennett[1] and Montea Ross) as involving the same allegations of error, and alleges their placement in an adult facility resulted in the death of co-defendant Ross which thereby subjected plaintiff to stress causing physical deterioration and the shortening of his life.  On these allegations, plaintiff claims he was subjected to cruel and unusual punishment, and to the denial of his rights under the due process, equal protection and ex post facto clauses.  He seeks declaratory judgment, a hearing in an unspecified forum on his claims, and damages.  Roger Werholtz, Secretary of the Kansas Department of Corrections (KDOC), and various KDOC officials and officers are named as defendants.

The court finds plaintiff's allegations against these defendants are subject to being summarily dismissed.

Plaintiff clearly has no constitutional right to placement in any particular correctional facility.  *See* Olim v. Wakinekona, 461 U.S. 238, 245 (1983)(prisoner has no constitutional right to be incarcerated in any particular facility or security level).  Additionally, § 1983 does not impose liability for violations of duties of care arising out of state law.  *See* DeShaney v. Winnebago County DSS, 489 U.S. 189, 201-03 (1989).  To the extent plaintiff challenges the legality of the execution of his sentence by KDOC officials, he must do so through a petition for writ of habeas corpus under 28 U.S.C. § 2241 after first exhausting state court remedies.  Indeed, plaintiff cites a pending state court action on

---

[1] *See* Bennett v. Bruce, Case No. 05-3446-SAC (alleging same or similar claims as those asserted in the instant action).

the same or similar claims. Although plaintiff claims he is not seeking an immediate or speedier release, he clearly contends the execution of his sentence denies him consideration for placement in a work camp with the possibility of probation. Plaintiff's constitutional challenge to the Kansas statutes allowing for his placement in an adult facility without such a possibility of probation, and his related requests for a hearing and declaratory judgment, thus arguably fall within the realm of habeas relief.

Accordingly, plaintiff's claim for damages is premature. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff may not seek relief on behalf of co-defendant Ross, and plaintiff's allegations of stress related consequences are insufficient to satisfy the "prior physical injury" requirement for seeking damages for mental anguish. *See* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

*Amended Complaint*

In his amended complaint, plaintiff names as additional defendants his criminal defense counsel (Kim Steele), a public defender (Mark Orr), defense counsel (David Hawley) for co-defendant Ross, prosecutors Janice Fitch and Ron Paschal, Sedgwick County District Court Judge Gregory Waller, and five Wichita commissioners. Plaintiff seeks damages on allegations that these defendants conspired with each other and with the accuser in plaintiff's criminal case to violate plaintiff's constitutional rights.

The court finds these allegations are subject to being dismissed as stating no claim for relief, and as seeking damages from persons immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines ...the action...fails to state a claim on which relief may be granted, or...seeks monetary relief against a defendant who is immune from such relief.").

As plaintiff recognizes, to state a claim under 42 U.S.C. § 1983, plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42 (1988). It is recognized that court appointed and privately retained defense attorneys do not act "under color of state law" within the meaning of § 1983. *See* <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); <u>Barnard v. Young</u>, 720 F.2d 1188, 1189 (10th Cir.1983)(attorneys engaged in the private practice of law are not acting under color of state law). Although liability under § 1983 can arise if conspiratorial action with state officials is proven, <u>Tower v. Glover</u>, 467 U.S. 914 (1984), plaintiff's bare and conclusory allegation of a vast conspiracy is insufficient to establish that any defense counsel named as a defendant acted under color of state law.

Plaintiff's claim for damages from the state district court judge and prosecutors is clearly barred by immunities extended to these defendants. *See* Stump v. Sparkman, 435 U.S. 349, 362-64 (1978)(judges are protected by absolute immunity in civil rights actions from liability based on their judicial actions); Imbler v. Pachtman, 424 U.S. 409, 430 (1976)(prosecutors entitled to absolute immunity for activities intimately associated with judicial phase of criminal process).

Plaintiff's claim for damages against the five Wichita commissioners also is subject to summary dismissal because plaintiff identifies no misconduct by any of these defendants. *See* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under 42 U.S.C. 1983 must be based on personal involvement in the alleged constitutional violation."). *See also* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978)(a city or county may be liable on a § 1983 claim only when a plaintiff is deprived of his constitutional rights pursuant to a policy or custom of the city or county).

For these reasons, the court directs plaintiff to show cause why all claims in the original and amended complaint should not be dismissed. The failure to file a timely response may result in this action being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

Finding no cognizable federal claim has been stated, the court denies plaintiff's request for the exercise of this court's pendent jurisdiction over any state claims. *See* 28 U.S.C. § 1367(c)(3)

(expressly authorizing district court to decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that collection of the remainder of the district court filing proceed pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motion for leave to file a supplemental complaint (Doc. 6) is granted and is construed as an amended complaint filed pursuant to Fed.R.Civ.P. 15(a).

IT IS FURTHER ORDERED that plaintiff's motion for leave to file for pendent jurisdiction (Doc. 7) is denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint as amended should not be dismissed without prejudice to the extent plaintiff seeks relief that must be pursued in habeas corpus, and why all other claims should not be dismissed with prejudice as stating no claim for relief and as seeking damages from persons immune from such relief.

**IT IS SO ORDERED.**

DATED:  This 8th day of November 2006 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge