IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RUDY S. ANDERSON, JR.,

                Plaintiff,

                              CIVIL ACTION
     vs.                              No. 05-3456-SAC

LOUIS E. BRUCE, et al.,

                Defendants.

ORDER

Plaintiff proceeds pro se on and in forma pauperis in this action filed under 42 U.S.C. § 1983. Plaintiff and his two co-defendants were placed in an adult rather than a juvenile facility pursuant to Kansas Department of Corrections (KDOC) procedure because they were sixteen years old at the time of sentencing and had been prosecuted and convicted as adult offenders.[1] Plaintiff cites the 1999 death of a co-defendant in support of plaintiff's

---

[1] Kansas Juvenile Justice Code K.S.A. 38-16,111 provides in relevant part (emphasis added):
  (a) When a juvenile *who is under 16 years of age at the time of the sentencing* has been prosecuted and convicted as an adult as an adult...and has been placed in the custody fo the secretary of the department of corrections, the secretary shall notify the sheriff having such juvenile in custody to convey such offender...to a juvenile correctional facility.
  (b) A juvenile who has been prosecuted and convicted as an adult shall not be eligible for admission to a juvenile correctional facility.... The provisions of this subsection shall not apply to a juvenile who: (1) *is under 16 years of age at the time of sentencing;* (2) has been prosecuted as an adult...; and (3) has been placed int eh custody fo the secretary of corrections, requiring admission to a juvenile correctional facility pursuant to subsection (a).

claim that KDOC's placement procedure violates the eighth amendment prohibition against cruel and unusual punishment.  Plaintiff also claims his placement in an adult facility violated constitutional guarantees of due process and equal protection, and constituted an ex post facto violation of Kansas statutes because he was fifteen years old when he committed the conviction offenses of kidnaping, aggravated burglary, aggravated kidnapping, aggravated criminal sodomy, rape, aggravated battery, aggravated robbery, and criminal possession of a firearm on school property.

By on order dated November 8, 2006, the court liberally construed plaintiff's amendment of the complaint pursuant to Fed.R.Civ.P. 15(a) as incorporating the original complaint.  The court screened plaintiff's allegations, 28 U.S.C. § 1915A, and directed plaintiff to show cause why the amended complaint should not be dismissed without prejudice to the extent plaintiff seeks relief in the nature of habeas corpus, and why all other claims should not be dismissed with prejudice as stating no claim for relief and as seeking damages from persons immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

The court observed that plaintiff has no constitutional right to placement in any particular correctional facility or security level, see Olim v. Wakinekona, 461 U.S. 238, 245 (1983), and that 42 U.S.C. § 1983 provides no relief for alleged violations of state rather than federal law, Jones v. City & County of Denver, Colo., 854 F.2d 1206, 1209 (10th Cir. 1988).  The court explained that plaintiff's challenge to the constitutionality of the execution of

his sentence by KDOC officials pursuant to the Kansas statutes falls within the realm of habeas corpus, and that any relief on such a challenge must be pursued through a petition under 28 U.S.C. § 2241 after first exhausting state court remedies.[2]  The court further stated that plaintiff could not seek relief on an Eighth Amendment claim asserted on behalf of the deceased co-defendant, and that plaintiff's allegations of stress related consequences from that death were insufficient to satisfy the "prior physical injury" requirement for seeking damages for mental anguish.  *See* 42 U.S.C. § 1997e(e).

Addressing plaintiff's amended complaint, the court found plaintiff's allegations against defense counsel, state prosecutors, a state district court judge, and five city commissioners were subject to being dismissed as stating no claim for relief, and as seeking damages from persons immune from such relief.  The court explained that plaintiff's bare claim of a conspiracy was insufficient to show that defense counsel acted "under color of state law" within the meaning of § 1983, *see* Polk County v. Dodson, 454 U.S. 312, 325 (1981); Tower v. Glover, 467 U.S. 914 (1984), that claims for damages against the state district court judge and

---

[2] In his original complaint, plaintiff cites a pending state court action on the same or similar claims.  Plaintiff clearly contends the execution of his sentence pursuant to the Kansas statute denies him consideration for placement in a work camp with the possibility of probation.  Plaintiff's constitutional challenge to the Kansas statute allowing for his placement in an adult facility without the possibility of probation, and his related requests for declaratory judgment and a hearing on the merits of this constitutional challenge, arguably fall within the realm of habeas relief.

3

prosecutors were clearly barred by recognized immunities extended to these defendants, see Stump v. Sparkman, 435 U.S. 349, 362-64 (1978); Imbler v. Pachtman, 424 U.S. 409, 430 (1976), and that plaintiff alleged no misconduct by the city commissioners.

In response, plaintiff contends the stress and anguish resulting from his placement in an adult facility, similar to the placement of the deceased co-defendant, is more than sufficient to allow damages for mental anguish under 42 U.S.C. § 1997e(e). The court disagrees. Plaintiff's allegations fall far short of demonstrating any prior physical injury for seeking relief based on the mental or emotional injury being claimed. See 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

Plaintiff also contends his allegation of a conspiracy is based on clear violations of federal and state law that have not yet been remedied, and that defendants' intentional and malicious failure to recognize and remedy such violations defeats any immunity and establishes that all defendants acted under color of state law. Having reviewed the record, the court finds this broad contention is contrary to the established constitutional standards enunciated in the November 2006 show cause order.

Accordingly, but for any habeas action that might be appropriate on plaintiff's allegations, the court finds plaintiff is seeking damages from persons immune from such relief, and finds

plaintiff fails to state any claim upon which relief can be granted under 42 U.S.C. § 1983 against all other named defendants. The court thus concludes the amended complaint should be dismissed for the reasons stated herein and in the show cause order dated November 8, 2006.

IT IS THEREFORE ORDERED that the amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii), and that dismissal of the amended complaint is without prejudice to plaintiff seeking relief appropriate in habeas corpus.

**IT IS SO ORDERED.**

DATED:  This 19th day of January 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge